PROB 12B
(7/93)

Report Date: July 16, 2008

# United States District Court

for the

## Eastern District of Washington

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender

*(Probation Form 49, Waiver of Hearing is Attached)*

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 07 2008

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

Name of Offender: Terry Wayne Allen    Case Number: 2:08CR00112-001

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen

Date of Original Sentence: 08/19/2005    Type of Supervision: Supervised Release

Original Offense: Felon in Possession of a Firearm, 18 U.S.C. 922(g)    Date Supervision Commenced: 10/5/2006

Original Sentence: Prison - 24 Months; TSR - 36 Months    Date Supervision Expires: 10/4/2009

## PETITIONING THE COURT

8    You shall cooperate with a mental health evaluation and follow any treatment recommendations as directed by the supervising probation officer. This may include taking prescribed medications. You shall allow reciprocal release of information between the probation officer and treatment provider. You shall contribute to the cost of treatment according to your ability, as determined by the supervising probation officer.

## CAUSE

On June 9, 2008, this officer received a telephone call from the offender's wife indicating that there was a domestic dispute with the offender and her son over the weekend. She indicated that this occurred because she has breast cancer and Terry Allen is not handling this well.

On June 9, 2008, the U.S. Probation Office requested a copy of the Pend Oreille County Sheriff's Office report on the domestic violence dispute that occurred at Mr. Allen's residence on June 7, 2008. On June 16, 2008, this officer received the sheriff's report. The deputies report indicates that at 2258 hours on June 7, 2008, they arrived at the offender's residence in reference to a domestic dispute call. The deputy made contact with Sammy Allen, the offender's daughter. Ms. Allen informed the deputy that she got into a verbal argument with her stepmother, Tamra Allen. She advised the deputy that she had to drive her father's truck due to his consumption of alcohol. She indicated that her father was causing problems with her stepmother. She stated that after she argued with her stepmother, her father came to her defense. Terry Allen subsequently pushed his wife, Tamra Allen, into the refrigerator. She indicated her stepbrother, Douglas Justice, ended up in a physical confrontation with her father. The deputy then spoke with Douglas Justice. He relayed to the deputy that his stepfather, Terry Allen, came home drunk. He stated that Mr. Allen threw a bowl at his mother and pushed her into the refrigerator. He revealed that he came to her aid and pulled him off his mother. He indicated that Mr. Allen grabbed his throat and began choking him until he turned black and blue before Mr. Allen release him. He then told him to leave him and his mother alone.

Prob 12B
Re: Allen, Terry Wayne
July 16, 2008
Page 2

Terry Allen began choking him again and threw him to the ground. Douglas Justice stated that he defended himself and that Mr. Allen ended up leaving the residence. Tamra Allen confirmed the above information and told deputies that she had cancer and that the offender had been drinking to cope with the situation.

On June 10, 2008, this officer requested that jurisdiction in this case be moved from the Western District of Washington (WD/WA) to the Eastern District of Washington (ED/WA), in order to address the offender's non-compliant behavior. Additionally, all the witnesses involved in this domestic dispute reside in the ED/WA.

The offender finally returned this officer's telephone call on June 10, 2008. He was directed to turn himself in to Detox in Spokane, Washington. Upon the offender's arrival at Detox, they had no openings. The offender was subsequently directed to keep all court dates with Pend Oreille District Court for his pending domestic violence charge, follow the treatment recommendations of New Horizon Counseling Services, and submit to drug and Breathalyzer (BA) testing for the probation office and New Horizon staff.

On June 11, 2008, this officer conducted an unannounced home visit to ensure the offender was in compliance with his supervision conditions. Additionally, this officer wanted to ensure the offender's family felt safe to allow the offender to remain in the home. Mrs. Allen indicates the offender is doing much better since the offender is in treatment. The offender acknowledged that he blacked out and was on a drinking binge the weekend of June 7, 2008. The offender submitted to an unobserved urine drug screen which tested positive for marijuana and was confirmed positive on June 18, 2008, for marijuana. The offender stated he could not confirm/deny using marijuana because he had been drinking so heavily.

On June 20, 2008, this officer received two signed original probation 22 "Transfer of Jurisdiction" documents from the Honorable Richard S. Martinez in the WD/WA.

On July 8, 2008, this officer met with the offender at his residence and he signed the "Waiver of Hearing to Modify his Conditions of Supervised Release," to include a mental health condition. He understands the rationale behind this condition and agrees to abide by this added supervision requirement.

On July 14, 2008, this officer received a copy of the drug and alcohol assessment from New Horizon. The assessment recommends that the offender continue with outpatient treatment services with their facility. In addition, the drug alcohol counselor at New Horizon recommends that the offender pursue mental health treatment to deal with deep seated anger the offender has toward his father who abused him and force fed him alcohol beginning at age 2. The therapist does not believe that anger management will suffice in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 7-16-08

Brenda J. Kuest
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ] Other

_____
Signature of Judicial Officer

8/6/08
Date

RECEIVED
DISTRICT JUDGE

AUG 06 2008

U.S. DISTRICT COURT
WM. FREMMING NIELSEN