PROB 12B
(7/93)

Report Date: December 3, 2008

# United States District Court

for the

**Eastern District of Washington**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 03 2008

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Terry Wayne Allen              Case Number: 2:08CR00112-001

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen

Date of Original Sentence: 08/19/2005              Type of Supervision: Supervised Release

Original Offense: Felon in Possession of a Firearm,    Date Supervision Commenced: 10/05/2006
18 U.S.C. § 922(g)

Original Sentence: Prison - 24 Months;              Date Supervision Expires: 10/04/2009
TSR - 36 Months

---

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

9    You shall reside in a residential reentry center for a period of up to 180 days. This placement may include a prerelease component, day reporting, and home confinement (with or without electronic monitoring, but not to include GPS) at the directions of the CCM and USPO. You shall abide by the rules and requirements of the facility. You shall remain at the facility until discharged by the Court.

## CAUSE

On November 24, 2008, this officer received notification from the Federal Bureau of Investigations, Criminal Justice Information Systems reflecting that the offender had been arrested on November 15, 2008, by the Spokane County Sheriff's Office. The offender was charged with lewd conduct. On November 25, 2008, this officer received a copy of the Spokane County Sheriff's report. The report indicates that on November 15, 2008, at approximately 2207 hours, two deputies were dispatched to the area of Division and Liberty Streets in reference to an intoxicated and disorderly male screaming at people at this location. The deputies were able to locate the offender who they indicated "wreaked of intoxicants" and his eyes were red and watery, and his tongue was a chalky white color. The offender was swaying as he stood in front of the deputies and was slurring and spitting as he talked. He provided his Washington State drivers license to the deputies which confirmed that he was Terry W. Allen.

Deputies then made contact with the two females who initially called 911. The females both confirmed that Mr. Allen had been screaming and cursing at them while they sat at the bus stop. Mr. Allen did not threaten or assault the women, so the deputy did not arrest him. One of the deputies asked him if he wanted to go to Community Detox Services, and he refused. Since the deputies had no probable cause to arrest the offender, the deputy indicated he was free to leave.

The deputy decided to follow Mr. Allen to Gray Court and Normandie Streets. He observed that the offender was urinating in the street. Mr. Allen looked over his shoulder and observed the patrol car coming towards him. As a result, the offender slowly began jogging off the street while still holding onto his penis. The deputy immediately exited his patrol car and directed Mr. Allen to approach him. He then directed Mr. Allen to finish zipping up his pants. The deputy then placed Terry Allen under arrest. Mr. Allen immediately started screaming, cursing, and challenging the deputy to fight him while sitting in the back seat of the patrol car. In route to the Spokane County Jail, the offender begged the deputy to pull over and fight him. Mr. Allen repeatedly cursed at the deputy, calling him a "fucking pussy." Mr. Allen was eventually booked into the jail for lewd conduct.

On November 26, 2008, this officer met with the offender to discuss why he failed to notify this officer about his arrest for lewd conduct on November 15, 2008. He indicated that he thought he was already in trouble so he decided not to contact this officer about his new arrest. He admitted that he was again having difficulties coping with his wife's emotional outbursts. Terry Allen stated that he drank Nyquil in conjunction with his antidepressants/anxiety medications, which he knew he should not ingest, pursuant to the warning label on his prescription medications. While this officer was talking with Mr. Allen, the strong odor of alcohol was detected on Mr. Allen's person. Additionally, this officer observed that his eyes were watery and red. Mr. Allen was confronted by this officer about being under the influence of alcohol. The offender admitted that he drank a 44 ounce can of Old English 800 beer with 8 percent alcohol, just prior to reporting to the probation office. Terry Allen stated he thought he was going to prison and indicated this is why he drank before reporting to the probation office. Terry Allen signed an "Eastern District of Washington, U.S. Probation and Pretrial Services Admission of Drug Use" form admitting his alcohol usage. Mr. Allen submitted to a Breathalyzer, which produced a reading of .13. A urine sample was sent to Kroll Laboratories in Richmond, Virginia, on November 26, 2008. On December 1, 2008, this officer received confirmation that Mr. Allen tested positive for alcohol at .02.

On November 26, 2008, this officer contacted Community Detox Services but was unable to secure a bed for the offender. However, Community Detox Services indicated that the offender needed to keep calling to see if a bed date became available. Mr. Allen was directed by this officer to continue calling Detox and attend AA/NA meetings daily. The offender subsequently signed the probation form 49, "Waiver of Hearing to Modify Conditions of Supervised Release" to place him at the residential reentry center for up to 180 days. He understands the rationale behind this modification which will provide him clean and sober housing and assist him in securing employment. Mr. Allen's level of care will be increased to intensive outpatient at New Horizon, and he will also have his mental health treatment increased to weekly sessions with Carl Greenberg.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 12-3-08

Brenda J. Kuest
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[ ]   The Extension of Supervision as Noted Above
[✗]   The Modification of Conditions as Noted Above
[ ]   Other

_____
Signature of Judicial Officer

_Dec 3 2008_
_____
Date